LANG BROOM CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8281. Promulgated November 10, 1927.

*H. G. Wallerstedt, C. P. A.*, for the petitioner.
*Albert S. Lisenby, Esq.*, for the respondent.

OPINION.

SMITH: 1. The first question presented is whether the petitioner is entitled to deduct from gross income the difference between its book inventory at June 30, 1919, and the actual inventory of cane and bamboo and of manufactured brooms in the amounts of $840 and $895.17, respectively. The Commissioner has assumed that the petitioner is claiming a double deduction in respect of these items. He has assumed, in the first place, that the cane and bamboo inventory is included in the cost of goods sold and that the shortage in the broom account is not reflected in the gross sales. The evidence of record, however, clearly shows that this is not the case. The cane inventory at January 1, 1919, was $4,849.42. Purchases during the year amounted to $11,329.16, making a total of inventory at the beginning of the year and total purchases during the year of $16,178.58. Proper credits to the account, exclusive of the $840 charged to profit and loss, were $3,187.63; the inventory at the close of the year was $3,121.74, making the total of these items $6,309.37. The difference between $16,178.58 and $6,309.37 would indicate that the cost of the goods used in the manufacture was $9,869.21. The schedule attached to the petitioner's return for 1919 shows, however, that only $9,029.21 was used as representing the cost of materials used. It is, therefore, plain that the petitioner has not attempted to include in the cost of materials used the $840 representing the shortage in the inventory discovered at June 30, 1919. Clearly, the amount is a legal deduction from gross income.

The exhibits introduced in evidence also show that the shortage in the broom account was credited to the broom sales account and appears as a part of the gross sales for the year 1919. Since this amount was erroneously included in the gross sales it is proper to deduct it from gross income as a loss. The $840 and $895.17, representing the shortage in inventories at June 30, 1919, are deductible from gross income.

The deficiency letter shows that the Commissioner added to the petitioner's gross income for 1919, $1,000 by reason of a sale by it of real estate during the year. The facts are clear that the loss on the sale of the real estate was $1,318.72. Since in its return the petitioner deducted only $666.22 in respect of the transaction, it is entitled to a further deduction of $652.50.

The petitioner acquired patents at some time in exchange for $10,000 of its capital stock, upon which the Commissioner has allowed invested capital of $6,250. The evidence does not show the date of acquisition of the patents or that they had any value on March 1, 1913, assuming that they were acquired prior thereto. Upon this state of the record the claim of the petitioner for the deduction for exhaustion of the patents is disallowed.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON, TRUSSELL, and LOVE.